**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**BRADLEY KEITH PICKETT**                                                                         **PLAINTIFF**

**V.**                                                                            **NO. 3:13-CV-00095-DMB-SAA**

**PANOLA COUNTY, MISSISSIPPI;**
**and CHRIS FRANKLIN**                                                                         **DEFENDANTS**

**ORDER**

On January 30, 2015, this Court issued a Memorandum Opinion and Order granting in part and denying in part the motion for summary judgment of Defendants Panola County and Chris Franklin. Doc. #62. In the order, the Court granted summary judgment in favor of Franklin on Plaintiff's claim for malicious interference with employment on the grounds that Plaintiff failed to comply with the ninety-day notice requirement mandated by the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. § 11-46-1, et seq. *Id*. at 10–13. In reaching this conclusion, the Court noted that Plaintiff: (1) filed a notice of claim against Franklin on September 10, 2013; and (2) added Franklin to this case on September 24, 2013, by filing his first amended complaint. *Id*. at 11.

On February 3, 2015, Plaintiff filed a motion for reconsideration asking "that this Court reconsider its opinion and dismiss Franklin … without prejudice." Doc. #64 at 6 (emphasis omitted). In seeking this relief, Plaintiff, citing to *Price v. Clark*, 21 So.3d 509, 521–22 (Miss. 2009), argues that the filing of the amended complaint on September 24, 2013, tolled the statute of limitations, and justifies a dismissal without prejudice. *Id*. at 4–6. Counsel for Defendants has notified the Court that Defendants do not oppose the requested relief.

In *Price*, the Mississippi Supreme Court held that "a properly served complaint – albeit a complaint that is wanting of proper pre-suit notice – should … serve to toll the statute of limitations until there is a ruling from the trial court." 21 So.3d at 522. Thus, so long as the premature complaint was filed within the applicable statute of limitations, a court must dismiss the improperly noticed claims without prejudice. *Id.*

The MTCA provides, in relevant part, that "[a]ll actions brought under this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based." Miss. Code Ann. § 11-46-11(3)(a). Here, Plaintiff's MTCA notice alleges that Franklin caused an altercation in January 2013, and that the altercation led to Plaintiff's termination. Doc. #30-1. It is beyond dispute that Plaintiff filed his amended complaint within one year of this allegedly wrongful conduct. Accordingly, the malicious interference claim against Franklin should have been dismissed without prejudice rather than dismissed pursuant to summary judgment. *See Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 195 (5th Cir. 2011) (summary judgment "is necessarily granted with prejudice").

It is, therefore, **ORDERED** that: (1) Plaintiff's motion for reconsideration, Doc. #63, is **GRANTED;** (2) Defendants' motion for summary judgment on the malicious interference claim against Franklin is **DENIED;** and (3) the malicious interference claim against Franklin is **DISMISSED without prejudice**.

SO ORDERED, this 9th day of February, 2015.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**